[Cite as *State v. Brunner*, 2017-Ohio-2618.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2016 CA 00134 |
| MARVIN BRUNNER | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                              Pleas, Case No.  2015 CR 01901


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       May 1, 2017


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     FREDRICK PITINII
PROSECUTING ATTORNEY                101 Central Plaza South
RENEE M. WATSON                     1000 Bank One Tower
ASSISTANT PROSECUTOR                Canton, Ohio  44702
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, John, J.*

**{¶1}** Appellant Marvin Brunner appeals his conviction, in the Court of Common Pleas, Stark County, for felony possession of heroin. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On November 27, 2015, at about 10:45 AM, Detective Terry Monter and Sergeant Scott Prince of the Canton Police Department went to the residence of Appellant Brunner on Sherrick Road S.E. When they arrived, Brunner was standing to the rear of the residence, near the open driver's side door of a silver Pontiac. As Detective Monter arrived, another male was getting into a second car, a gold Chevrolet Impala.

**{¶3}** Detective Monter then began to exit his police cruiser, at which time he saw appellant go to the open driver's side door of the silver Pontiac, reach over the top of the door toward the car's interior, and release a small item from his hand. Appellant then closed the car door and appeared to lock the vehicle with a key fob, causing the lights to flash. Appellant then reached for his waist and bent over.

**{¶4}** Believing appellant might be reaching for a weapon, Monter drew his gun and ordered appellant to show his hands. He also ordered the man in the Impala to keep his hands visible. Both men complied.

**{¶5}** Sergeant Prince thereupon patted appellant down, but he found no weapons. Officer David Samuels soon arrived on the scene with his K-9 partner, Boss. As Samuels walked Boss around the silver Pontiac for a sniff test, the dog alerted on the vehicle for the presence of narcotics.

**{¶6}** The officers thereupon searched the Pontiac. A clear plastic bag containing an off-white powder was observed in the interior handle recess of the driver's side door.

Monter believed the bag contained illegal drugs, and appellant was taken into custody. Appellant was found to have on his person $808.00 in currency, five cell phones, several pieces of jewelry, and the keys to the Pontiac. Further investigation revealed that the temporary tags on the Pontiac were registered to appellant.

**{¶7}** The plastic bag of powder seized from the Pontiac was sent to the Canton-Stark County Crime Lab, where analysts confirmed that the substance inside the bag was heroin.

**{¶8}** On January 27, 2016, the Stark County Grand Jury indicted appellant with one count of possession of heroin (R.C. 2925.11(A)(C)(6)(a)), a felony of the fifth degree.

**{¶9}** Appellant pled not guilty to the charge. He subsequently rejected the State's pre-trial offer of a pre-sentence investigation and a recommendation of probation.

**{¶10}** The matter proceeded to a jury trial on June 14, 2016. After hearing the evidence and arguments, the jury found Brunner guilty of possession of heroin as charged.

**{¶11}** On the same day, the trial court sentenced appellant to twelve months in prison.

**{¶12}** On July 1, 2016, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶13}** "I.  THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF POSSESSION OF HEROIN AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

**{¶14}** In his sole Assignment of Error, appellant contends his conviction for possession of heroin was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.

*Sufficiency of the Evidence*

**{¶15}** In appellate review of a claim of insufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶16}** The sole offense at issue is possession of heroin. R.C. 2925.11(A) states as follows: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." If the drug is heroin or a compound, mixture, preparation, or substance containing heroin, the penalty is set forth as follows in R.C. 2925.11(C)(6)(a): "Except as otherwise provided in division (C)(6)(b), (c), (d), (e), or (f) of this section, possession of heroin is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."

**{¶17}** In the case *sub judice*, the identity of the drugs as heroin is not raised as an issue on appeal. Appellant instead emphasizes there was a lack of direct or scientific evidence actually tying him to the heroin, noting that he was not seen inside the Pontiac by the officers when they arrived. The record indeed indicates that Detective Monter did

not find the drugs on appellant's person, nor was there any evidence presented of fingerprints or DNA from the seized plastic bag. *See* Tr. at 158-159.

**{¶18}** However, Ohio law recognizes that circumstantial evidence is sufficient to prove the essential elements in a criminal case. *State v. Willey,* 5th Dist. Guernsey No. 98 CA 6, 1999 WL 3962, citing *State v. Hopfer* (1996), 112 Ohio App.3d 521, 558, 679 N.E.2d 321. "The only notable exception to this principle is where the inference between the facts proven and the facts sought to be proven is so attenuated that no reasonable mind could find proof beyond a reasonable doubt." *Id.,* citing *State v. Griffin* (1979), 13 Ohio App.3d 376, 377–378, 469 N.E.2d 1329. Furthermore, Ohio law recognizes the concept of "constructive possession" of illegal drugs. *See In re D.P.*, 9th Dist. Summit No. 24591, 2009-Ohio-4335, ¶ 7, citing *State v. Wolery* (1976), 46 Ohio St.2d 316, 329, 348 N.E.2d 351.

**{¶19}** Therefore, upon review of the record and transcript in a light most favorable to the prosecution, we find that reasonable finders of fact could have found appellant guilty of possession of heroin, beyond a reasonable doubt.

<u>*Manifest Weight of the Evidence*</u>

**{¶20}** Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See also*, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting

of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

**{¶21}** In the case *sub judice*, the State presented testimony at the jury trial from Detective Monter and crime lab analyst Jennifer Creed. Brunner rested without presenting any evidence. The trial court included a constructive possession instruction in its instructions to the jury. Tr. at 211. We again note appellant does not presently challenge the identity *per se* of the seized drugs in question as heroin, just the level of direct traceability of the drugs to him. Nonetheless, as we iterated in our analysis of the sufficiency of the evidence, the State adequately relied at points on circumstantial evidence in this case. This would have included, for example, appellant's observed furtive dropping of an item near the door of the car, found to have temporary tags registered to appellant, in which vehicle the heroin was shortly thereafter discovered.

**{¶22}** "In order for an appellate court to reverse the judgment of a trial court on manifest weight grounds, the appellate court must unanimously disagree with the jury's resolution of the conflicting evidence." *State v. Petty*, 10th Dist. Franklin No. 15AP-950, 2017-Ohio-1062, ¶ 66, citing *Thompkins*, *supra*. Upon review under the standard of *Martin,* we find the jury did not clearly lose its way and create a manifest miscarriage of justice in concluding appellant was in possession of the illegal drugs in question. Appellant's conviction thus was not against the manifest weight of the evidence.

**{¶23}** Accordingly, appellant's sole Assignment of Error is overruled.

**{¶24}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, John, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0404